IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA J. SIMPSON,              )
                               )
              Plaintiff,       )
                               )
        v.                     )  Civil Action No. 12-55J
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
              Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _3ʳᵈ_ day of September, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is granted, and the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.  The case will be remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'"  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'"  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).  In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'"  Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).  These well-established principles dictate that the court remand this case to the Commissioner for further proceedings as discussed herein.

Plaintiff filed her DIB and SSI applications on September 26, 2008, alleging disability beginning on August 26, 2008, due to bipolar disorder, depression, anxiety, panic attacks, agoraphobia and restless leg syndrome.  Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 2, 2010, at which plaintiff appeared and testified.  On July 13, 2010, the ALJ issued a decision finding that plaintiff is not disabled.  The Appeals Council denied plaintiff's request for review on January 18, 2012, making the ALJ's decision the final decision of the

Commissioner.  The instant action followed.

Plaintiff, who is a high school graduate, was 43 years old on her alleged onset date of disability, which is classified as a younger individual under the regulations.  20 C.F.R. §§404.1563(c), 416.963(c).  Plaintiff has past relevant work experience a data entry specialist, secretary and cashier, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  Although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder, anxiety disorder, post-traumatic stress disorder, panic disorder and hypothyroidism, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she has a number of non-exertional limitations.  Plaintiff is limited to understanding, remembering and carrying out simple instructions and making judgments on simple work-related decisions.  In addition, plaintiff is restricted to only occasional interaction with co-workers and the public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that

plaintiff could not perform her past relevant work.  However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as a kitchen helper, sorter or weight tester.  Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled.  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and

residual functional capacity.[1]   20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he failed to properly evaluate certain medical opinion evidence; and (2) he failed to properly evaluate plaintiff's credibility. The court agrees that the ALJ's evaluation of certain medical opinion evidence was incomplete, thus this case must be remanded to the Commissioner for additional development at step 5 of the sequential evaluation process.

Plaintiff first contends that the ALJ failed to properly evaluate the opinion of Dr. Frank Mrus, who performed a consultative psychological evaluation of plaintiff at the request of the Bureau of Disability Determination. (R. 309-316). The ALJ stated in his decision that he gave significant weight to Dr. Mrus' opinion, noting that "the residual functional capacity. . . is generally consistent with [the doctor's] opinion, with some differences based on my own assessment of the evidence." (R. 23). As plaintiff correctly observes, the ALJ failed to indicate why he apparently accepted certain aspects of Dr. Mrus' opinion, but rejected other parts of it, and further failed to explain his reason for doing so.

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

More specifically, although the ALJ gave significant weight to Dr. Mrus' opinion, he failed to incorporate in the RFC Finding certain mental functional limitations which Dr. Mrus identified, including plaintiff's moderate to marked limitation in her ability to respond appropriately to changes in a routine work setting and her marked limitation in responding appropriately to work pressures in a usual work setting. (R. 315). The ALJ also failed to explain why he supposedly gave significant weight to Dr. Mrus' opinion, yet apparently rejected certain limitations identified by Dr. Mrus "based on [his] own assessment of the evidence." In sum, the ALJ did not explain why his analysis of the evidence led him to reject some of Dr. Mrus' findings while adopting others.

Although the ALJ is free to reject certain evidence, he must give some indication of his reasons for doing so. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Without such explanation, this court is left to guess why the ALJ rejected certain aspects of Dr. Mrus' opinion. For this reason, the case must be remanded so that the ALJ can explain why he gave significant weight to Dr. Mrus' opinion, yet failed to include in the RFC Finding Dr. Mrus' assessment of plaintiff's ability to respond to changes in the work setting and work pressures. If the ALJ determines that he should have adopted those limitations identified by Dr. Mrus, he shall factor them into his assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain vocational expert testimony to complete his analysis of plaintiff's case.

A further basis for remand relates to the ALJ's consideration of the opinion of Richard Laptosky, a certified registered nurse practitioner who treated plaintiff in connection with her mental health issues.   Mr. Laptosky completed a report on which he assessed plaintiff's functional ability to perform various mental work-related activities.   (R. 389-396).   Like Dr. Mrus, Mr. Laptosky determined that plaintiff was markedly limited in her ability to respond appropriately to changes in the work setting. (R. 393).

In assessing opinion evidence, the ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists.   20 C.F.R. §§404.1513(a), 416.913(a).   The ALJ also may consider evidence about the severity of a claimant's impairments and ability to work from other sources who are not deemed an "acceptable medical source," such as a nurse practitioner like Mr. Laptosky.   20 C.F.R. §§404.1513(d)(1), 416.913(d)(1).   Although evidence from a nurse practitioner may be considered, his opinion is not entitled to controlling weight.   See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999) (holding that the opinion of a chiropractor, who is not an "acceptable medical source," may be considered, but it is not entitled to controlling weight).

Thus, while the ALJ was not obliged to afford controlling weight to Mr. Laptosky's opinion, he was required to consider the opinion in accordance with Social Security Ruling ("SSR") 06-03p,

AO 72
(Rev. 8/82)

which clarifies how evidence from sources who are not "acceptable medical sources" should be evaluated.   See SSR 06-03p, 2006 WL 2329939, at *1.  SSR 06-03p explains that opinions from treatment providers who are not "acceptable medical sources" are "important and should be evaluated on key issues such as impairment severity and functional effects. . . ." Id. at *3.  When evaluating evidence from these sources, the Ruling directs consideration of the same factors as are used to evaluate evidence from acceptable medical sources, which include, but are not limited to, the following:  the nature and extent of the relationship between the source and the individual; how well the source explains the opinion; the source's area of specialty or expertise; the degree to which the source presents relevant evidence to support his opinion; whether the opinion is consistent with other evidence; and any other factors that tend to support or refute the opinion. Id. at **4-5.

Here, it is not clear that the ALJ considered and evaluated Mr. Laptosky's opinion consistent with these standards.  The ALJ simply stated that he did not give great weight to Mr. Laptosky's opinion because it was not consistent with plaintiff's treatment records.  (R. 22).  The ALJ did not, however, identify or explain the purported inconsistency to which he alluded.  On remand, the ALJ must assess Mr. Laptosky's opinion as required by SSR 06-03p, and if he finds the opinion inconsistent with plaintiff's treatment records, he must explain his rationale for such a finding.

Plaintiff's final argument is that the ALJ failed to properly evaluate her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft, 181 F.3d at 362. An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about her limitations, her daily activities, the extent and nature of her treatment, the medical evidence and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1) - (c)(3), 416.929(c)(1) - (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding the limitations caused by her conditions was not entirely credible. (R. 20).

This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 20-22), and is satisfied that such determination is supported by substantial evidence.

In connection with her credibility argument, plaintiff asserts that the ALJ acknowledged her excellent work history, but did not consider that fact in assessing her credibility. While it is true that the testimony of a claimant with a long work history may be given substantial credibility concerning her claimed limitations, see Dobrowolsky, 606 F.2d at 409, work history is only one of many factors an ALJ may consider in assessing a claimant's subjective complaints. 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. September 30, 2008).

Here, the ALJ clearly was aware of plaintiff's work history and referred to it in his decision when he determined that she could not perform her past relevant work. (R. 23). It likewise is clear from the ALJ's decision that he considered the record as a whole in assessing plaintiff's credibility as discussed above. An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, thus this issue need not be considered on remand.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Gustave Diamond
United States District Judge

cc:  Amy Joseph Coles, Esq.
     Duane Morris LLP
     600 Grant St.
     Suite 5010
     Pittsburgh, PA 15219

     Beth Arnold, Esq.
     Binder and Binder
     526 Hamilton Road
     Merion, PA 19066

     Stephanie L. Haines
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901

AO 72
(Rev. 8/82)